[Cite as *Shaker Hts. v. Rosenberg*, 2013-Ohio-1182.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 98531

---

## CITY OF SHAKER HEIGHTS

PLAINTIFF-APPELLEE

vs.

## VICTOR R. ROSENBERG

DEFENDANT-APPELLANT

---

### JUDGMENT:
REVERSED

---

Criminal Appeal from the
Shaker Heights Municipal Court
Case No. 12 TRD 01302

**BEFORE:** Stewart, A.J., Kilbane, J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** March 28, 2013

**FOR APPELLANT**

Victor R. Rosenberg, Pro Se
1909 Revere Road
Cleveland Heights, OH    44118


**ATTORNEY FOR APPELLEE**

C. Randolph Keller
Chief Prosecutor
City of Shaker Heights
3400 Lee Road
Shaker Heights, OH    44120

MELODY J. STEWART, A.J.:

{¶1} The Shaker Heights Municipal Court found defendant-appellant Victor Rosenberg guilty of disobeying a traffic control device by merging left from a lane designated right turn only. Rosenberg conceded that he made the lane change as charged, but argued that the lane he traveled in was marked by a single, white line, which under the law did not forbid the lane change, but merely "discouraged" it. On appeal, he claims that the court erred by refusing to accept his interpretation of the lane marking.

{¶2} The city of Shaker Heights charged Rosenberg with violating Shaker Heights Codified Ordinances 1113.01. That section states: "No pedestrian or driver of a vehicle shall disobey the instructions of any traffic control device placed in accordance with the provisions of this Traffic Code, unless at the time otherwise directed by a police officer."

{¶3} The uncontested facts show that Rosenberg received his ticket while driving around Fairmount Circle. Fairmount Circle is a multi-lane traffic circle that radiates eight points. The traffic circle is intersected north-south by Warrensville Center Road. The other major artery, Fairmount Boulevard, runs east-west around the circle. Two other streets, University Boulevard and North Park Boulevard, radiate outward at 45 degree angles from the center of the circle. The basic design of the traffic circle is shown in the following diagram:



{¶4} Rosenberg was traveling east on Fairmount Boulevard as he approached the traffic circle. He entered the traffic circle and crossed the intersection at Warrensville Center Road in the outside lane. As he approached the intersection with University Boulevard, markings in his lane allowed either forward travel or a right turn. However, just past the intersection with University Boulevard, approaching Fairmont Boulevard eastbound, his lane became a right turn only lane. The lane to the left of Rosenberg allowed both a right turn and forward travel continuing around the circle. In other words, there were two lanes of traffic that could turn right onto Fairmount Boulevard traveling eastbound:   the one Rosenberg used allowed a right turn only; the other allowed either a right turn or through traffic.



(Last visited Feb. 26, 2013.)

{¶5} Realizing that he did not wish to turn right onto Fairmount Boulevard, Rosenberg changed lanes to his left to continue around the traffic circle. A police officer witnessed this lane change and issued Rosenberg a traffic citation.

{¶6} Section 3B.04 of the Ohio Manual of Uniform Traffic Control Devices states that "[w]hen used, lane line pavement markings delineating the separation of traffic lanes that have the same direction of travel shall be white." That same section also states that

"[w]here crossing the lane line markings is discouraged, the lane line markings shall consist of a normal solid white line." *Id.* Finally, the manual states: "Where crossing the lane line is prohibited, the lane line markings shall consist of two normal solid white lines."

{¶7} Rosenberg argues that the lanes were marked with a single, white line, thus "discouraging" lane changes rather than prohibiting them. The court rejected this argument, noting that Rosenberg was not charged with improper lane usage, but with failure to obey a traffic control device.

{¶8} R.C. 4511.01(QQ) defines "traffic control devices" as, among other things, a "sign, signal, marking, or other device used to regulate, warn, or guide traffic, placed on, over, or adjacent to a street * * *." The guidance to section 3B.09 of the Ohio Manual of Uniform Traffic Control Devices states:

> Lane drop markings used in advance of lane drops at intersections should begin a distance in advance of the intersection that is determined by engineering judgment as suitable to enable drivers who do not desire to make the mandatory turn to move out of the lane being dropped prior to reaching the queue of vehicles that are waiting to make the turn.

{¶9} The lane markings and signs posted in the area of Fairmount Circle that is the subject of this appeal fail to give motorists sufficient advance notice to enable them to move out of the lane being dropped (a "dropped lane" is a through lane that becomes a mandatory turn lane).

{¶10} The lane Rosenberg traveled in as he passed the southern intersection of Fairmount Circle and Warrensville Center Road, proceeding to University Boulevard,

was painted with arrows showing that he could either proceed straight or make a right turn. A sign placed *before* the intersection of Fairmount Circle and University, however, indicated that that same lane was right turn only. Although the ticketing officer testified that the sign and lane markings on the road are the same, they are not. They directly contradict each other at the point where the officer testified the violation occurred.

{¶11} In addition, although the lane markings between Warrensville Center Road and University Boulevard indicate that a motorist can travel either straight or make a right turn, that lane becomes a right turn only lane immediately after the intersection at University Boulevard. This transition from the lane being a through lane to a mandatory right turn lane is made without any advance warning to the driver. This change occurs just after the University Boulevard southeast bound intersection — a minuscule distance given the posted speed limit. So when a motorist who had been led to believe that he was traveling in a through lane discovered that the lane had transitioned to a right turn only lane, it would be too late to change lanes. This near instantaneous transition from a combination through lane-right turn lane is done with no advance notice to the motorist.[1]

{¶12} Finally, we note that because of Fairmount Circle's lane markings, motorists traveling northwest on University Boulevard to Fairmount Circle are technically not permitted to enter the traffic circle and are required to immediately turn right onto

---

[1] It appears that the confusion caused by the lane markings and the signage could easily be rectified by clearly stating to motorists who are in the right lane after proceeding past Warrensville Center Road that they must turn right on University Boulevard, southeast bound, or Fairmount Boulevard, eastbound.

Fairmount Boulevard eastbound; at least under the argument presently made by the city. The city argues that Rosenberg violated Shaker Heights Codified Ordinances 1113.01 by failing to turn right from a right turn only lane. However, any traffic moving from University Boulevard into the traffic circle would necessarily enter into that same lane and be required to turn right or would have to cross the right turn only lane to enter the continuing circle lane: similar to what Rosenberg did to avoid having to make the mandatory right turn.

{¶13} Rosenberg's changing lanes to the left from a lane marked for a right turn only, was brought about by traffic signs and lane markings that conflict and lane drop markings that failed to give him, and any motorist using the circle, sufficient notice that the lane was being dropped. The court erred by finding Rosenberg guilty.

{¶14} Judgment reversed.

It is ordered that appellant recover of appellee his costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Shaker Heights Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MELODY J. STEWART, ADMINISTRATIVE JUDGE

MARY EILEEN KILBANE, J., and
EILEEN T. GALLAGHER, J., CONCUR